IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF WV 2017-1 GRANTOR TRUST, | § § § § | |
| Plaintiff, | § § | Civil Action No. 3:22-cv-00305 |
| v. | § § | |
| CATHY ELENA MITCHELL URBAN, CHRISTA DAWN LAWSON, MARY FRANCES NEWMAN, and JAY ALLEN URBAN, | § § § § § | |
| Defendants. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Wilmington Savings Fund Society, FSB, as Trustee of WV 2017-1 Grantor Trust ("Plaintiff or "Wilmington") files this its *Original Complaint* against Defendants Cathy Elena Mitchell Urban, Christa Dawn Lawson, Mary Frances Newman, and Jay Allen Urban ("Defendants"), and states as follows:

### I.   PARTIES

1. Plaintiff is a "mortgagee" as is defined in Texas Property Code § 51.001(4) and is appearing through the undersigned counsel.

2. William Arthur Urban ("Decedent") was a borrower under the loan agreement described below. Decedent died on or about July 5, 2021. Upon information and belief, no probate is open for Decedent's estate in county where the subject Property is located. Accordingly, there is no executor or administrator to be made a party in this proceeding as the personal representative of Decedent's estate.

3. Pursuant to Texas Estates Code §§ 101.001, 101.051, and 201.001, the heirs at law of Decedent ("Heir" or, collectively, "Heirs"), whether known or unknown, acquired all of Decedent's respective estates, including an undivided interest in the Property, immediately upon his death. Each Heir is made a party in this proceeding.

4. Defendant Cathy Elena Mitchell Urban is a co-borrower, heir and spouse of Decedent. She is a citizen of the state of Texas and may be served with service at 617 E. Bernard Street, West Columbia, Texas 77486, or at any other place where she may be found. Summons is requested.

5. Defendant Christa Dawn Lawson is an alleged heir and daughter of Decedent. She is a citizen of the state of Texas, and may be served with process at 3717 Greenbrook Street, Granbury, Texas 76048, or at any other place where she may be found. Summons is requested.

6. Defendant Mary Frances Newman is an alleged heir and daughter of Decedent. She is a citizen of the state of Texas, and may be served with process at 617 E. Bernard Street, West Columbia, Texas 77486, or at any other place where she may be found. Summons is requested.

7. Defendant Jay Allen Urban is an alleged heir and son of Decedent. He is a citizen of the state of Texas, and may be served with process at 422 Bowie Street, West Columbia, Texas 77486, or at any other place where he may be found. Summons is requested.

## II.   PROPERTY

8. This proceeding concerns the real property and improvements commonly known as 617 E. Bernard Street, West Columbia, Texas 77486 (the "Property") and more particularly described as follows:

ALL THAT CERTAIN TRACT OR PARCEL OF LAND OUT OF THE COLUMBIA OUTLOT NUMBER NINETY-EIGHT (98) OF ABSTRACT NO. 40 IN BRAZORIA COUNTY, TEXAS AND MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS: BEGINNING AT A POINT IN THE NORTH LINE OF SAID OUTLOT NUMBER NINETY-EIGHT (98), 240 FEET WEST OF THE NORTHEAST CORNER OF THIS TRACT; THENCE CONTINUING WEST FOLLOWING THE NORTH LINE OF SAID OUTLOT NUMBER NINETY-EIGHT (98), A DISTANCE OF 120 FEET FOR THE NORTHWEST CORNER OF THIS TRACT; THENCE SOUTH AND PARALLEL WITH THE EAST LINE OF SAID OUTLOT NUMBER NINETY-EIGHT (98, 150 FEET, TO STAKE FOR THE SOUTHWEST CORNER OF THIS TRACT; THENCE EAST, AND PARALLEL WITH THE BOUNDARY OF OUTLOT NUMBER NINETY-EIGHT (98), A DISTANCE OF 120 FEET TO A STAKE FOR THE SOUTHEAST CORNER OF THIS TRACT; THENCE NORTH AND PARALLEL WITH THE EAST LINE OF SAID OUTLOT NUMBER NINETY-EIGHT (98), A DISTANCE OF 150 FEET TO THE PLACE OF BEGINNING. (the "Property").

### III.   DIVERSITY JURISDICTION AND VENUE

9.   Defendants are individuals and citizens of the state of Texas.

10.   Wilmington s the trustee for a mortgage securitized trust. When determining the citizenship of the real parties in interest for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust. *Navarro Sav. Assoc. v. Lee*, 446 F. Supp. 2d 261, 263 (S.D.N.Y. 2008). Wilmington is a national banking association organized under the laws of the United States. A national banking association organized under the laws of the United States is considered a citizen of the state in which it is "located." *See* 28 U.S.C. § 1348. A national bank is located only in the state of its main office as established in the bank's article of association. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006). According to its articles of association, Wilmington's main office is located in Wilmington, Delaware and, thus, Wilmington is a citizen of Delaware.

11.   In this suit, Plaintiff seeks a declaratory judgment to foreclose on real property.

Because the property is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met. When the object of the litigation is a mortgage lien that entitles its owner to the full use and enjoyment of the property, the lien may be measured by the appraised value of the property, the purchase price, or the outstanding principal and interest. *Cf. Farkas v. GMAC Mortg., LLC,* 737 F.3d 338, 341 (5th Cir. 2013).

12. When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir.1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

13. Here, the value of the right to be protected is enforcement of mortgage contract through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. But if Plaintiff is unable to foreclose, it may be entirely divested of any interest in the Property. Thus, rights to the entirety of the property are in question, and the value of the property controls. The Brazoria County Appraisal District values the Property at $137,110.00. The value of the Property exceeds $75,000.00.

14. Jurisdiction and venue are properly in this district and division, the United District Court for the Southern District of Texas, Galveston Division, under 28 U.S.C. § 1391(b)(2) because the real property that is the subject of this action is situated in the Brazoria County.

## IV.   FACTS

15. The foregoing paragraphs are incorporated by reference for all purposes.

16. On or about March 23, 2008, Decedent William Arthur Urban and Defendant Cathy Elena Mithcell Urban ("Borrowers") executed a *Disclosure Statement*, *Note, and Security Instrument* in the principal amount of $69,885.13 (the "Note"), with an initial annual interest rate of 12.45% and originally payable to CitiFinancial, Inc ("Citi"). A true and correct copy of the Note is attached hereto as **Exhibit A**.

17. Concurrently with the execution of the Note, Borrowers executed a *Deed of Trust* ("Deed of Trust" and together with the Note, the "Loan Agreement"), as grantors, granting Citi its successors and assigns, a security interest in the Property. The Deed of Trust was recorded in the official public records of Brazoria County, Texas, as Document No. 2008015875, on March 28, 2008. A true and correct copy of the Deed of Trust is attached hereto as **Exhibit B**.

18. Citi assigned and transferred the Loan Agreement to Wilmington Savings Fund Society, FSB, as Trustee for Stanwich Mortgage Loan Trust A as evidenced by the *Corporate Assignment of Deed of Trust*, which was recorded in the official public records of Brazoria County, Texas, as Document No. 2017063549, on. December 27, 2017 A true and correct copy of the document is attached hereto as **Exhibit C**.

19. Subsequently, Wilmington Savings Fund Society, FSB, as Trustee for Stanwich Mortgage Loan Trust A assigned and transferred the Loan Agreement to Plaintiff as evidenced by the *Assignment of Deed of Trust*, which was recorded in the official public records of Brazoria County, Texas, as Document No. 2021039782, on June 17, 2021. A true and correct copy of the document is attached hereto as **Exhibit D**.

20. Wilmington is the current holder of the Note and the beneficiary of the Deed of Trust. Wilmington is also a "*mortgagee*" as that term is defined in section 51.001(4) of the Texas Property Code.

21. Decedent William Arthur Urban died on or about July 5, 2021. Upon information and belief, no probate was ever opened for Decedent. In accordance with Texas Estates Code §§ 101.001(b) and 101.051, his heirs acquired all of their interest in the Property immediately upon his death—subject to the Loan debt owed to Plaintiff.

22. Under the terms of the Loan, the Borrowers were required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

23. The Loan further provides that should the Borrowers fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Deed of Trust, that the lender may enforce the Deed of Trust by selling the Property according to law and in accordance with the provisions set out in the Loan.

24. The Loan is in default as a result of Borrowers' failure to make the July 10, 2021, payment and all subsequent payments. A *Notice of Intent to Foreclose* ("Notice of Default") was sent in accordance with the Loan Agreement and the Texas Property Code on September 16, 2021. A true and correct copy of the Notice of Default is attached hereto as **Exhibit E**.

25. The default was not cured. The maturity of the Loan Agreement was accelerated on January 26, 2022, when a *Notice of Acceleration of Loan Maturity* was sent in accordance with the Loan Agreement and the Texas Property Code. A true and correct copy of the Notice of Acceleration of Loan Maturity is attached hereto as **Exhibit F.**

26. Plaintiff brings this suit for declaratory judgment and foreclosure so it may enforce its security interest in the Property.

## V.  CAUSES OF ACTION

**A.     DECLARATORY JUDGMENT**

1. The foregoing paragraphs are incorporated by reference for all purposes.

2. Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Deed of Trust.  Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Deed of Trust, Plaintiff is a mortgagee as that term is defined under Texas Property Code § 51.0001(4) and is authorized to enforce the power of sale in the Deed of Trust through foreclosure of the Property.

**B.     ENFORCEMENT OF STATUTORY PROBATE LIEN**

3. The foregoing paragraphs are incorporated by reference for all purposes.

4. Plaintiff seeks a declaration from this Court that Plaintiff has a statutory probate lien against the Property under the terms of the Loan and the following statutory authority:

> a. TEX. ESTATES CODE §§ 101.001(b) and 101.051(b)(1), which state in pertinent part:
>
> *"the estate of a person who dies intestate vests immediately in the person's heirs at law, subject to the payment of, and is still liable for: the debts of the decedent, except as exempted by law"*
>
> b. TEXAS TITLE EXAMINATION STANDARDS § 11.10, which states in pertinent part:
>
> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes;"* and
>
> c. TEXAS TITLE EXAMINATION STANDARDS § 11.60, which states in pertinent part:
>
> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to*

> *payment of debts, including estate and inheritance taxes . . . Property of a decedent passes subject to unpaid debts and taxes of the estate."*

5.  Through Plaintiff's statutory probate lien, reserved in Texas Estates Code §§ 101.001 and 101.151, Plaintiff has an enforceable and superior lien against the Heirs' interest in the Property. Because of a material breach of the Loan, Plaintiff seeks to enforce its statutory probate lien in the Property through foreclosure.

### C.   NON-JUDICIAL FORECLOSURE

6.  The foregoing paragraphs are incorporated by reference for all purposes.

7.  Because of a material breach of the Loan, Plaintiff seeks an order from this Court to enforce its statutory probate lien through non-judicial foreclosure pursuant to the terms of the Loan and Texas Property Code § 51.002, with respect to Defendants who acquired the Property subject to Decedent's debts.

8.  Because of the material breach of the Loan, a public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient, and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities and duties of Plaintiff and the trustee are well known under Texas Property Code § 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process. Because no personal liability is sought against the Defendants, a public auction of the Property would be the most expedient means to put the Property back into the stream of commerce and the housing stock of the community. Otherwise, the Property will continue to be a wasting asset that is subject to vandalism and deterioration.

**D.     JUDICIAL FORECLOSURE**

9. The foregoing paragraphs are incorporated by reference for all purposes.

10. In the alternative, for failure to cure the default of the Loan, Plaintiff seeks to enforce its security interest against the Property in an amount equal to the payoff at the time of judgment.

11. As the current legal owner and holder of the Note and the mortgagee of record who has the right to enforce the Note and Deed of Trust, Plaintiff seeks a judgment for judicial foreclosure together with an order of sale issued to the sheriff or constable of Brazoria County—the county where the Property is located—directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan debt.

**E.     ATTORNEYS FEES**

12. Because of the material breach of the Loan, Plaintiff is entitled to recover reasonable and necessary attorneys' fees under the Loan Agreement, and Texas Civil Practice and Remedies Code §38.001. Attorneys' fees are not sought as a personal judgment against the Defendants but only as an additional debt secured by the Deed of Trust.

## VI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer, and the Court enter judgment granting:

a. A declaration that Plaintiff is the owner and holder of the Note and beneficiary of the Deed of Trust and that Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Deed of Trust through foreclosure of the Property;

b. A declaration that Plaintiff's statutory probate lien against the Property shall be enforced by a non-judicial foreclosure at public auction—or alternatively, a judgment for judicial foreclosure—and that through the foreclosure or auction the Defendants are divested, and the purchaser at foreclosure sale is vested, of all of Decedent's right, title, and interest to the Property;

   c. Attorney fees and costs of suit; *and*

   d. All other relief, in law and in equity, to which Plaintiff is entitled.

Respectfully submitted,

By: */s/ Nicholas M. Frame*

**MARK D. CRONENWETT**
Attorney in Charge
Texas Bar No. 00787303
Southern District Admission #21340
mcronenwett@mwzmlaw.com

**NICHOLAS M. FRAME**
Of Counsel
State Bar No. 24093448
Southern District Admission #312161
nframe@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686

**ATTORNEYS FOR PLAINTIFF**